UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRADLEY KEITH SLEIGHTER,

                Plaintiff,                Case No. 1:13-cv-847

v.                                             Honorable Paul L. Maloney

RANDY DEMORY et al.,

                Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a prisoner at the Kent County Correctional Facility, pursuant to 42 U.S.C. § 1983.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).[1]  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards to Plaintiff's amended complaint, the Court will dismiss Defendant Kent County Jail Administration.  The Court also will dismiss Plaintiff's due process claim against Defendant Demory, but it will order service of Plaintiff's retaliation claim against Defendant Demory.

---

[1] Plaintiff filed his complaint while he was a prisoner at the Kent County Correctional Facility.  He since has been released.  However, Plaintiff's complaint remains subject to review under all provisions applicable at the time he filed his complaint.

**Discussion**

    I.        Factual allegations

Plaintiff Bradley Keith Sleighter was jailed at the Kent County Correctional Facility (KCCF) at the time he filed his complaint. In his amended complaint, Plaintiff sues KCCF Captain Randy Demory and the KCCF Administration.

According to the allegations of Plaintiff's amended complaint, Plaintiff was jailed at KCCF between January 16, 2012 and November 15, 2012. He was again jailed at KCCF between June 3, 2013 and August 19, 2013. He has filed four prior lawsuits against the KCCF administration, three during his first period of incarceration, and one during his second period of incarceration. Defendant was named in two of these, the most recent of which was filed on June 27, 2013. *See Sleighter v. Kent Cty. Jail Admin. et al.*, No. 1:13-cv-697 (W.D. Mich.) (naming Defendant Demory); *Sleighter v. Kent Cty. Jail Admin. et al.*, No. 1:12-1008 (W.D. Mich.); *Sleighter v. Kent Cty. Corr. Facility et al.*, No. 1:12-cv-910 (W.D. Mich.) (naming Defendant Demory); *Sleighter v. Kent County Jail Admin. et al.*, No. 1:12-cv-763 (W.D. Mich.). All lawsuits remain pending at this time.

On July 24, 2013, Plaintiff's cell was searched by Sergeant Bernhardt, who is not a party to this action. Plaintiff was placed in administrative segregation for ten days as a sanction for possessing a plastic spoon and allegedly forged legal documents. He was told that he would be released on August 3, 2013, but he was not. On August 5, 2013, Plaintiff asked why he had not been released from administrative segregation as scheduled. He was told that he was being transferred to the unit. Plaintiff received an allegedly inadequate hearing before a jail guard, where he was informed that Defendant Demory had directed the placement in segregation and that the guard had

no authority to overturn it. Defendant Demory issued his order to keep Plaintiff in administrative segregation approximately one week after Plaintiff filed his most recent complaint against Defendant Demory. Plaintiff remained in segregation until his release from jail on August 19, 2013.

Plaintiff contends that his placement in administrative segregation violated his right to due process. He also asserts that Defendant Demory placed him in segregation in retaliation for having filed lawsuits against Defendant and other jail administrators and for having assisted other prisoners to file lawsuits, in violation of the First Amendment.

Plaintiff seeks declaratory relief and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Kent County Correctional Facility Administration

Plaintiff amended his complaint to name the KCCF Administration as a Defendant in the action. To the extent that Plaintiff intends to sue KCCF itself, a jail is a building, not an entity capable of being sued in its own right. However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Kent County. Kent County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.*

Plaintiff alleges that Kent County lacks a grievance procedure, which prevented him from receiving due process before being confined to administrative segregation. Plaintiff has no due

process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due-process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Kent County did not deprive him of due process.

Moreover, to the extent that Plaintiff intends to sue KCCF unknown administrative officers for failing to supervise Defendant Demory, he fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor failed to act based upon information contained in a grievance or letter of complaint. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that any individual Defendant engaged in any active unconstitutional behavior.

Accordingly, he fails to state a claim against KCCF or any of its administrative officers.

### B. Defendant Demory

Plaintiff alleges that Defendant Demory denied his right to due process by making a decision to place him in segregation without due process of law. "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005).

Here, Plaintiff clearly has failed to suggest that his 14-day placement in administrative segregation at KCCF imposes an atypical and significant hardship. Plaintiff's sole complaint is that he was confined to segregation for two weeks without due process of law. Such concerns fail to rise to the level of a due-process violation. *See Sandin*, 515 U.S. at 484. The Court therefore will dismiss Plaintiff's due-process claim.

The Court concludes that the allegations of Plaintiff's amended complaint are sufficient to warrant service of his retaliation claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Kent County Correctional Facility Administration will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will dismiss Plaintiff's due-process claim against Defendant Demory. The Court will serve Plaintiff's retaliation claim against Defendant Demory.

An Order consistent with this Opinion will be entered.


Dated: October 3, 2013                /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge